Brink et al. v. Finkelstein et al., 197 Ill. App. 399.

## L. H. Brink and Ignatz Pilat, trading as Brink and Pilat, Plaintiffs in Error, v. M. Finkelstein and Sam Rosenthal, Defendants in Error.

### Gen. No. 20,835.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed January 11, 1916.

### Statement of the Case.

Action by L. H. Brink and Ignatz Pilat, trading as Brink and Pilat, against M. Finkelstein and Sam Rosenthal for goods sold and delivered by plaintiffs to defendants at plaintiffs' request. From a judgment for defendants, after a trial by the court, plaintiffs appeal.

Plaintiffs were commission merchants and Finkelstein was a dealer in poultry. Rosenthal was Finkelstein's real estate agent and accommodated him at times by giving him checks for cash. The goods sued for were sold and delivered to Finkelstein between December 9 and 14, 1912. Plaintiffs had previously sold and delivered to him similar goods and received payments therefor in the form of checks signed by Rosenthal. It was claimed by plaintiffs that before the sale and delivery of said goods, Rosenthal had promised to pay for them over the telephone. Rosenthal denied that he had made any such promise, or that he ever talked over the telephone to or saw plaintiffs until after the transactions sued on were had, when he endeavored to effect a settlement. He said that when he gave the checks in question it was for cash given him by Finkelstein to the amount of plaintiffs' bills. He was corroborated by Finkelstein.

Q. J. CHOTT, for plaintiffs in error.

NICHOLAS J. PRITZKER, for defendant in error Sam Rosenthal.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

FRAUDS, STATUTE OF, § 126*—*when evidence sufficient to sustain finding that promise not original.* Where a merchant sold goods to another at different times and customarily received the check of another person in payment, *held*, in action against the buyer and such other person for goods sold and delivered, in which the only question was whether such other person had made an original promise to pay for the goods, that a finding by the court that such promise had not been made was sustained by the evidence.

---

## Marie Haupt by John D. Casey, Guardian, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 20,931.

APPEAL AND ERROR, § 1514*—*when improper argument of counsel reversible error.* Where, in an action by a five-year-old girl against a street railway company for damages for personal injuries, necessitating the amputation of a leg, counsel for plaintiff in his argument gave his individual opinion as to the amount of damages stated that the verdict should be for an amount sufficient to support plaintiff for the rest of her life, made reference to her humble circumstances, alluded to her going down "into the valley of the shadow of death" while under the anesthetic, discussed her mental pain and spoiled matrimonial prospects, and when objection was made by defendant's counsel, repeatedly continued his argument without giving opportunity for a prompt ruling, and without rebuke by the court, and remarked that defendant's counsel was trying "to break up his argument," that he "expected it" and called the jury's attention to the fact that he was being "interrupted and bully-ragged every minute," and withdrew improper statements repeatedly "to save time," without a ruling by the court, *held* that the judgment should be reversed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.